## United States Bankruptcy Court
### Western District of Arkansas

| | | | |
|---|---|---|---|
| In re | **Stanley Stephen Sanders**<br>**Kathleen Velma Sanders** | Case No. | **6:19-bk-71230** |
| | Debtor(s) | Chapter | **13** |

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ☐    Amended Plan ☑    **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:
**Part 1, 2.1, 2.2, 3.1, 3.3, 3.5, Part 8**

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.
**Listed Part 1 as amended, Decreased plan payment, Decreased debtor direct pay and joint debtor payroll deduction, Removed adequate protection from surrendered collateral, Removed surrendered collateral from 3.3, Added surrendered collateral to 3.5, Addition of non-standard plan provision.**

The Amended Plan is filed:   ☑ Before confirmation
                              ☐ After confirmation

## Part 1: <u>Notices</u>

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

The objection should be filed consistent with the following timelines:

☐ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

Debtor(s) **Stanley Stephen Sanders**
**Kathleen Velma Sanders**                             Case No. **6:19-bk-71230**

☐ **Original plan filed** *after* **the petition is filed or amended plan (only if filed prior to the 341(a) meeting):**
   Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☑ **Amended plan:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1    The debtor(s) will make regular payments to the trustee as follows:**
  *Inapplicable portions below need not be completed or reproduced.*

**Amended plan:** Plan payments will change to $**780.00** per month beginning on the later of the date of filing of the amended plan or ____.
The plan length is **36** months.
   The following provision will apply if completed:

   Plan payments will change to $__ per month beginning on __.

   Plan payments will change to $__ per month beginning on __.
        *(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Payments shall be made from future income in the following manner:**

   Name of debtor  **Stanley Stephen Sanders**
   ☑ Direct pay of entire plan payment or  __**390.00**__  (portion of payment) per month.


   ☐ Employer Withholding of $____ per month

      Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
      If other, please specify:____
      Employer name:                      _____
      Address:                            _____
                                          _____
      Phone:                              _____


   Name of debtor **Kathleen Velma Sanders**

   ☐ Direct pay of entire plan payment or ____ (portion of payment) per month.

Debtor(s) <u>**Stanley Stephen Sanders**</u>
<u>**Kathleen Velma Sanders**</u>                                              Case No. **6:19-bk-71230**

☑ Employer Withholding of $**390.00** per month.

Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☑ weekly, ☐ Other
If other, please specify:____

Employer name: **Hot Spring County Solid Waste**
Address: **1904 East Page Ave.**
**Malvern, AR 72104**
Phone:

**2.3  Income tax refunds.**

*Check one.*

☑ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4  Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1  Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Harley Davidson Financial 2529 | 2009 Harley Davidson FLSTF Fat Boy 4,200 miles (Debtor's primary mode of transportation) | 41.47 | ☑ Preconfirmation<br>☐ Postconfirmation |

**3.2  Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*

Debtor(s) **Stanley Stephen Sanders**
**Kathleen Velma Sanders**                                                                           Case No. **6:19-bk-71230**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| **Sth Bancorbk 4010** | **220 Cherokee Drive Donaldson, AR 71941 Hot Spring County House & 3.05 acres** | 400.00 | ☐ Debtor(s)<br>☑ Trustee | 0.00 | 0.00 | 0.00% |

3.3    **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ Claims listed in this subsection consist of debts that were:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s) ("910 car claims"), or
(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| **Harley Davidson Financial 2529** | **2009 Harley Davidson FLSTF Fat Boy 4,200 miles (Debtor's primary mode of transportation)** | **Opened 06/15 Last Active 3/15/19** | 5,513.32 | 9,125.00 | 5.25% | 165.86 |

3.4    **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Debtor(s) **Stanley Stephen Sanders**
**Kathleen Velma Sanders**                                              Case No. **6:19-bk-71230**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**    **Surrender of collateral.**

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim in accordance with 11 U.S.C. § 1325(a)(5)(C). The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the collateral only. No further payments are to be made to the creditor for the secured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. Unless otherwise ordered by the court, to the extent that the debtor(s) become entitled to proceeds upon disposition of the collateral, the proceeds will be remitted to the trustee.

| Creditor and last 4 digits of account number | Collateral to be surrendered |
|---|---|
| **Arvest Bank**<br>**0677** | **2015 Ford Mustang**<br>**(Debtors surrender)** |
| **Performance Finance**<br>**2259** | **2016 Indian Roadmaster**<br>**1811CC**<br>**(Debtors surrender)** |

**3.6**    **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

**4.1**    **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2**    **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3**    **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

| | | |
|---|---|---|
| Amount paid to attorney prior to filing: | $ | **27.00** |
| Amount to be paid by the Trustee: | $ | **3,473.00** |
| Total fee requested: | $ | **3,500.00** |

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $__**1,500.00**__ and __**25.00**__%, respectively.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

Debtor(s) **Stanley Stephen Sanders**
**Kathleen Velma Sanders**                                              Case No. **6:19-bk-71230**

**4.5**   **Domestic support obligations.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**   **Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
☑ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other, Please specifiy ____

**5.2**   **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1**   **Executory Contracts and Unexpired Leases.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2**   **Sale of assets.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3**   **Claims not to be paid by the trustee.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4**   **Postpetition claims.**

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

Debtor(s) **Stanley Stephen Sanders**
**Kathleen Velma Sanders**                                              Case No. **6:19-bk-71230**

☑ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation

☑ entry of discharge

☐ other: _____

## Part 8: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced*

*Under Bankruptcy Rule 3015.1(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**8.1    *The following plan provisions will be effective only if there is a check in the box "included" in § 1.2.***

Removed Fidelity Bank from Schedule D and entered Fidelity on schedule F to list deficiency balance on 2016 Chevrolet Silverado 1500 repossessed and sold pre-petition.

## Part 9: Signatures

By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

/s/ Jennifer Wyse                                                                            Date  **August 22, 2019**
**Jennifer Wyse**
**Signature of Attorney for Debtor(s)**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the attached Chapter 13 plan has been served by CM/ECF to Jack W. Gooding, Chapter 13 Standing Trustee; Charles W. Tucker, Assistant United States Trustee; and served by U.S. Mail, postage prepaid to the following on August 22, 2019:

| | |
|---|---|
| Department of Finance and Administration<br>Legal Division<br>P.O. Box 1272, Room 2380<br>Little Rock, AR 72203 | Employment Security Division<br>Legal Division<br>P.O. Box 2981<br>Little Rock, AR 72203 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | U.S. Attorney, Western District<br>414 Parker Ave.<br>Fort Smith, AR 72901 |

And to all creditors whose names and addresses are set forth on the creditor matrix.

                                                        Honey Law Firm, P.A.
                                                        P.O. Box 1254
                                                        Hot Springs, AR 71902
                                                        Tel: 501.321.1007
                                                        Fax: 501.321.1255
                                                        jwyse@honeylawfirm.com

                                                        */s/Jennifer Wyse*
                                                        Jennifer Wyse (2015092)

Arvest Bank
P.O. Box 11110
Fort Smith, AR 72917


Harley Davidson Financial
Po Box 21829
Carson City, NV 89721


Performance Finance
10509 Professional Cir S
Reno, NV 89521


Sth Bancorbk
601 Main Street
Arkadelphia, AR 71923


Arkansas FCU
P.O. Box 9
Jacksonville, AR 72078


Fidelity Bank
3 Corporate Square
Atlanta, GA 30329


GreenSky Credit
1797 Ne Expressway
Atlanta, GA 30329


NLR VA Medical Center (598)
2200 Fort Roots Drive
North Little Rock, AR 72114-7907


Arkansas FCU
Attn: Bankruptcy
Po Box 9
Jacksonville, AR 72078


Arvest Bank
Attn: Bankruptcy
Po Box 399
Fort Smith, AR 72917

```
Fidelity Bank
Attn: Bankruptcy
3 Corporate Blvd, Sutie 500
Brookhaven, GA 30329


GreenSky Credit
Attn: Bankruptcy
Po Box 29429
Atlanta, GA 30359


Harley Davidson Financial
Attn: Bankruptcy
Po Box 22048
Carson City, NV 89721


Sth Bancorbk
Attn: Bankruptcy Department
601 Main Street
Arkadelphia, AR 71923
```